NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACK DANIELS MOTORS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNIVERSAL UNDERWRITERS : <br> INSURANCE COMPANY. : <br> : <br> Defendant. : | Civil Action No. 10-05376 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

Defendant Universal Underwriters Insurance Company ("Universal") has filed a motion to dismiss [docket entry no. 7] the Complaint filed on October 18, 2010 by Jack Daniels Motors, Inc. ("Plaintiff"). Universal seeks dismissal of this action for failure of Plaintiff to state a claim. Plaintiff has filed an opposition to the motion. The Court has considered the papers filed by the parties and ruled on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the motion to dismiss.

I.   BACKGROUND

Plaintiff, an automobile dealership and service center, seeks to recover from Universal the value of a quarterly performance bonus that it did not receive from Audi of America ("Audi"). Audi has a customer-based bonus program with its dealers. After a customer buys or services an Audi at the dealership, Audi emails the customer a satisfaction survey, whose volume and results determine whether Plaintiff qualifies for a performance bonus. In March of 2010, Audi informed

Plaintiff that in that quarter it had received 47 service surveys and 22 sales surveys from the same two email addresses. It was thereafter determined that one of Plaintiff's sales managers and one of its service advisors had been substituting their own personal email addresses for those of the customers and had been submitting surveys on the customers' behalf. Those phony surveys, when scored together with those received by Audi from Plaintiff's genuine customers, created the appearance that Plaintiff had earned a high enough score to qualify it to receive a performance bonus from Audi for $109,470. Upon learning of the scheme, Audi removed the phony surveys from its calculations and recalculated Plaintiff's customer-satisfaction rate using only the genuine surveys received from Plaintiff's actual customers. Based upon the real surveys, Plaintiff's score fell below the level that would have qualified it for a performance bonus.

The Universal insurance policy (the "Policy") sold to Plaintiff includes a crime coverage provision with a coverage limit of $200,000. Plaintiff contends that its former sales manager and service advisor committed forgery by improperly impersonating customers and submitting online surveys to Audi that were used to qualify it for a performance bonus. Further, as a result of the forgery, Plaintiff was not paid the performance bonus of $109,470 that it would have otherwise qualified for. As such, Plaintiff is now seeking to recover that amount from Universal under the crime coverage part of the Policy.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  This means that the Complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true.  *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

    B.    **<u>Discussion</u>**

The issue before the Court is a narrow one: Does the performance bonus qualify as covered property under the "Employee Theft or Forgery" coverage provision of the insurance policy issued by Universal in favor of the Plaintiff?  The question centers on the Crime Coverage provision.  It provides:

> We will pay for the LOSS of MONEY, SECURITIES and OTHER

>>PROPERTY resulting from THEFT or FORGERY committed by an EMPLOYEE, whether identified or not, acting alone or in collusion with other persons.

Defendant moves to dismiss the Complaint on the basis that the loss the Plaintiff claims to have suffered does not trigger the coverage provision. The Court agrees with Universal because Plaintiff has not suffered a loss of "securities" or "money" as the terms are defined under the insurance policy.

As defined by the Policy, "'SECURITIES' means instruments or contracts representing monetary value to others who are not a party to the instrument or contract, and includes revenue and other stamps (whether represented by actual stamps or unused value in a meter) in current use, but not MONEY." Plaintiff advances an interpretation of the definition by reading the words in isolation, contending that the Policy covers lost "revenue" which encompasses the lost performance bonus. However, as New Jersey's Supreme Court has explained, "[o]rdinarily, the coupling of words denotes an intention that they shall be understood in the same general sense. The natural, ordinary and general meaning of terms and expressions may be limited, qualified and specialized by those in immediate association." *Ford Motor Co. v. New Jersey Dep't Of Labor & Industry*, 76 A.2d 256, 260 (1950); *see also Automatic Merch. Council of New Jersey v. Glaser*, 317 A.2d 734, 737 (N.J. Super. Ct. App. Div. 1974) (construing the phrase "restaurants, taverns or other establishments" as referring to "'restaurants, taverns' or other (similar) establishments.'"); *Gallenthin Realty Dev., Inc. V. Borough of Paulsboro*, 924 A.2d 447, 461-62 (2007) (the phrase "or other conditions" should be interpreted to "embrace only

objects similar in nature to those objects enumerated by the preceding specific words."). As such, the term "revenue" does not stand alone but rather is included within a broader set of similar instruments "representing monetary value to others who are not a party to the instrument or contract." The performance based bonus system clearly does not fall within such a definition.

In addition, under the Policy, "'MONEY' means currency, coins, bank notes, bullion, travelers checks, registered checks and money orders held for sale to the public." Such "money" is "valued at face value" and must be "owned by" or "held by" Plaintiff. A contractual right to obtain money at some future time is not the same thing as money itself. *In re Vienna Park Properties*, 976 F.2d 106, 116 (2d Cir. 1992). "To define 'money' as to 'money or any evidence of a right to receive money' would open the door 'beyond any reasonable width that Congress could have in mind.'" *U.S. v. First Nat'l Bank of Memphis*, 458 F.2d 560, 563 (6th Cir. 1972). Plaintiff's lost opportunity to potentially receive a performance bonus does not equate to a loss of "currency" actually "owned" or "held" by Plaintiff. While Plaintiff had an expectancy interest in the performance bonus, an anticipated profit is not "money." Therefore, Plaintiff has not lost any covered property under the Policy.

III.   CONCLUSION

For the foregoing reasons, this Court will grant Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The dismissal of Plaintiff's claim against Defendant Universal

Underwriters Insurance Company will, moreover, be with prejudice. The court need not dismiss without prejudice and with leave to amend if amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir.2002). The deficiencies identified in the Court's discussion above could not be cured by amendment, and thus dismissal with prejudice is appropriate. An appropriate form of order will be filed together with this Opinion.

                                            s/Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge

DATED: February 1, 2011